## EDWARD T. BAILEY *vs.* SAMUEL McDOWELL.

Lottery tickets are regarded as an article of merchandize, and properly chargeable in a book account

Cash not so chargeable.

CASE.

Narr. Common counts, goods sold, &c. &c. Pleas, non assumpsit, act of limitations and set off. Replications and issues.

This was an action for lottery tickets sold to the deft. by plff. who is a lottery broker. The plff. produced and proved his books, which were objected to on the ground that lottery tickets are not matters properly chargeable in account.

The *court* required proof that the lottery office was licensed, and also that these lotteries were authorized by law, and these being shown, a majority of the court admitted the book in evidence. The act of assembly authorizes the sale of these tickets, recognizes it *"as a trade or business,"* to be carried on at a particular stand or place, and requires such stand to be licensed; the tickets, therefore, are a matter of merchandize. The book verified by the oath of the party is evidence to prove the sale and delivery of goods, wares and merchandizes, and other matters properly chargeable in an account. 8 *D-l. Laws* 243 *Dig.* 89.

*Judge Robinson* dissented. A lottery ticket is but a promise to pay such prize as may be drawn opposite to its number; it has no value in itself, but merely the evidence of value, and in this respect it may be likened to cash, which, according to established decisions, is not a matter properly chargeable in a book account. *Smith & Brown* vs. *McBeath, administrator of Lowber. Common Pleas, Kent, November T.*, 1811. It is perhaps more like a promissory note, the sale of which could not be established by an entry in the party's book of accounts. I cannot therefore regard lottery tickets as an article of trade and merchandize, but would require proof of the actual sale and delivery.

It afterwards appeared that the tickets sold were in lotteries authorized by this state, consolidated or united with lotteries granted by other states. The court required proof of the authority for all the lotteries so consolidated together. If any one of them is not duly

authorized by a special grant, the tickets would all be illegal. The plff. failed to produce this proof, and was nonsuited.

*Wales,* for plaintiff.

*J. A. Bayard,* for defendant.